**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY**

MICHAEL MILLS,              )
        Plaintiff,          )
                      )
        v.              )
                      )   C.A. No. N14C-01-073 ALR
J.E.M. ENTERPRISES, Inc.,    )
        Defendant and    )
        Third-Party Plaintiff,  )
                      )
        v.              )
                      )
HARVEY HANNA &        )
ASSOCIATES, Inc.,       )
        Defendant and    )
        Third-Party Defendant.  )

Submitted: April 21, 2015
Decided: April 28, 2015

***Upon Defendant Harvey Hanna & Associates, Inc.'s
Motion for Summary Judgment Against Plaintiff***
**DENIED**

***Upon Third-Party Defendant Harvey Hanna & Associates, Inc.'s
Motion for Summary Judgment Against Third-Party Plaintiff***
**DENIED**

Defendant/Third Party Defendant Harvey Hanna & Associates, Inc. ("Harvey Hanna") seeks entry of summary judgment against Plaintiff, Michael Mills. Harvey Hanna also seeks entry of judgment against Third-Party Plaintiff, J.E.M. Enterprises, Inc. ("JEM"). Both motions are opposed.

Upon consideration of Harvey Hanna's Motions for Summary Judgment, the Court makes the following findings:

1. This lawsuit involves allegations arising from a slip and fall on July 2, 2012. Plaintiff claims he was injured when he slipped on a wet floor in a restroom located in the lobby/waiting area of the Social Security Administration's offices at 920 W. Basin Road, New Castle, Delaware ("Property"). Plaintiff was a business invitee.

2. The Property is owned by a non-party, Commons Boulevard, LLP ("Property Owner"). Social Security Administration, also a non-party, leases commercial space at the Property from the Property Owner.

3. Harvey Hanna is the managing agent for the Property Owner.

4. JEM was responsible for cleaning services at the Property, including cleaning the restrooms.

5. Plaintiff claims that Harvey Hanna had a contract with JEM for cleaning services at the Property. Harvey Hanna claims that it does not have a contractual or other business relationship with JEM. Rather, according to Harvey Hanna, JEM was retained by the Property Owner. JEM emphasizes that this is a lawsuit alleging negligence and not alleging breach of contract. JEM also asserts that, as managing agent for the Property Owner, Harvey Hanna had a duty to inspect the work of subcontractors such as JEM. Accordingly, there are genuine

2

issues as to material facts.

6. The Court may grant summary judgment only where the moving party can "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[1] The moving party bears the initial burden of proof, and once that is met, the burden shifts to the non-moving party to show that a material issue of fact exists.[2] At the motion for summary judgment phase, the Court must view the facts "in the light most favorable to the non-moving party."[3]

**NOW, THEREFORE, the Motions for Summary Judgment by Defendant/Third-Party Plaintiff Harvey Hanna & Associates, Inc. against Plaintiff and Third-Party Plaintiff are hereby DENIED.**

**IT IS SO ORDERED this 28th day of April, 2015.**

*Andrea L. Rocanelli*

_____
**The Honorable Andrea L. Rocanelli**

---

[1] Super. Ct. Civ. R. 56.
[2] *Moore v. Sizemore*, 405 A.2d 679, 680-81 (Del. 1979).
[3] *Brzoska v. Olson*, 668 A.2d 1355, 1364 (Del. 1995).